FILED
United States Court of Appeals
Tenth Circuit

July 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PURNA BAHADUR ALE MAGAR,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 13-9596
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Purna Bahadur Ale Magar, a citizen of Nepal, petitions for review of an order

of the Board of Immigration Appeals (BIA) affirming the denial of his applications

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for asylum and restriction on removal.[1] We find no basis to disturb the BIA's decision and deny the petition for review for the reasons stated below.

## Governing Legal Standards

Where, as here, a single member of the BIA has issued a brief order affirming the immigration judge's (IJ's) denial of relief, we focus our review on the BIA's order, although we may consult the IJ's decision to the extent it fleshes out the rationale adopted by the BIA. *See Neri-Garcia v. Holder*, 696 F.3d 1003, 1008-09 (10th Cir. 2012). We review any legal determinations de novo and findings of fact for substantial evidence. *See Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Under the latter standard, "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted). In applying these standards, we limit ourselves to those matters the petitioner has properly presented for our review. *See, e.g.*, *Iliev v. Holder*, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010) (holding undeveloped challenge to BIA's decision waived); *Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008) (same).

To qualify for a discretionary grant of asylum, Mr. Magar had to prove he is a refugee by "(1) showing a well-founded fear of future persecution; (2) showing past persecution, which creates a rebuttable presumption of a well-founded fear of future

---

[1] We note that on appeal to the BIA Mr. Magar waived any challenge to the denial of relief under the Convention Against Torture, *see* R. at 3 n.1, and does not mention the matter here.

- 2 -

persecution; [or] (3) showing past persecution so severe as to demonstrate compelling reasons for being unwilling or unable to return, even without any danger of future persecution." *Karki v. Holder*, 715 F.3d 792, 801 (10th Cir. 2013) (internal quotation marks omitted). In addition, the persecution must have been on account of statutorily specified grounds, i.e., that Mr. Magar's "'race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him].'" *Dallakoti v. Holder*, 619 F.3d 1264, 1268 (10th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). To secure restriction on removal, which unlike asylum is a matter of right for those who qualify, Mr. Magar had to "'show a clear probability of persecution on account of one of the statutorily protected grounds." *Karki*, 715 F.3d at 801 (internal quotation marks omitted). An alien's "failure to satisfy the burden of proof for asylum . . . necessarily constitutes a failure to meet the more stringent burden of proof for restriction on removal." *Dallakoti*, 619 F.3d at 1268 (internal quotation marks omitted).

**Analysis**

Mr. Magar contends that several encounters with Maoists in Nepal during 2005-06 reflect past persecution for his association with the Nepal Congress party. The BIA ruled these incidents were not severe enough to rise to the level of persecution as understood in the controlling case law. *See* R. at 4 (citing *Sidabutar v. Gonzales*, 503 F.3d 1116 (10th Cir. 2007), and *Tulengkey v. Gonzales*, 425 F.3d 1277 (10th Cir. 2005)). Mr. Magar does not challenge this ruling. He recounts the

- 3 -

underlying facts that the BIA found insufficient to constitute persecution, but at no point does he argue that the BIA's conclusion was an erroneous application of the standards governing the severity determination. Instead, he focuses his argument on the nexus between the incidents and his political opinion. As *Tulengkey* illustrates, however, a lack of severity is itself a sufficient basis for the BIA to reject a claim of past persecution, regardless of nexus. *See Tulengkey*, 425 F.3d at 1280-81. In short, we have an agency ruling rejecting past persecution on a basis both legally sufficient and unchallenged. We thus affirm that ruling and, for purposes of the asylum claim based on fear of persecution (to which we now turn), we review the BIA's disposition without any presumption of future persecution that would have arisen from a finding of past persecution.

The BIA gave two reasons for denying asylum based on future persecution. First, the BIA noted that Mr. Magar's "adverse encounters occurred [only] in or near his home village," that before he left for the U.S. he "stayed in Kathmandu for 5 months without an adverse encounter with Maoists," and that "his wife ha[s] not been approached by Maoists since September 14, 2006 [after which date she moved to Kathmandu]." R. at 4-5. On the basis of these circumstances, the BIA invoked the established rule that "there is no well-founded fear if the applicant could avoid persecution by relocating to another part of his or her country and it is reasonable to do so." R. at 5 (citing 8 C.F.R. § 1208.13(b)(2)(ii)); *see, e.g.*, *Tulengkey*, 425 F.3d at 1281-82 (affirming denial of asylum based on alien's ability to relocate to avoid

persecution).  Second, the BIA held that Mr. Magar had failed to establish the requisite nexus between the encounters and his political opinion, because he "did not demonstrate that the Maoists['] central reason for targeting him was his political opinion, instead the evidence indicates that Maoists primarily sought to obtain money, food, and property to support their activities or recruit supporters."  R. at 5.

Once again Mr. Magar focuses on the nexus determination to the exclusion of the BIA's alternative rationale for denying relief.  In challenging the BIA's denial of his future-persecution claim, he argues at length that the nexus determination is undercut by the BIA's failure to consider evidence indicating that his treatment by the Maoists was motivated by his political opinion.  We need not resolve that point, because the BIA's unchallenged conclusion that Mr. Magar could safely relocate to Kathmandu is a sufficient basis for denying him asylum.  *See Tulengkey*, 425 F.3d at 1282.

Finally, as noted earlier, the standard for restriction on removal is stricter than that for asylum.  Accordingly, the BIA properly concluded that Mr. Magar's failure to qualify for asylum precluded restriction on removal as well.  *See, e.g.*, *Dallakoti*, 619 F.3d at 1268.

The petition for review is denied.

Entered for the Court


Harris L Hartz
Circuit Judge

- 5 -